IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**TIMOTHY J. OSBORNE,**

      **Petitioner,**

v.                                  **Case No. 6:12-cv-01212**

**DENNIS DINGUS, Warden,**
**McDowell County Correctional Center,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On April 18, 2012, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The document filed by the petitioner appears to be a copy of a habeas corpus petition that he filed in the Circuit Court of Wood County on October 20, 2010. (*Osborne v. Trent*, Case No. 10-P-184-W.) The undersigned's staff contacted the Clerk's Office for the Circuit Court of Wood County and determined the following:

The petitioner's judgment was entered on April 26, 2010. He did not file a Notice of Appeal. On October 20, 2010, the petitioner filed the above-mentioned Petition for a Writ of Habeas Corpus (Case No. 10-P-184-W), which is still pending before the Circuit

Court. The undersigned's staff also contacted the Clerk's Office for the Supreme Court of Appeals of West Virginia (the "SCAWV") and determined that the petitioner has not filed any petitions in that court concerning his instant conviction.

The petitioner's present petition contains four grounds for relief. He alleges that his guilty plea was involuntary, that his conviction was obtained through a coerced confession and based upon evidence obtained pursuant to an unlawful arrest, and that he was denied the effective assistance of counsel.

## **APPLICABLE STATUTES AND CASE LAW**

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating

such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either a direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused. The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims.

The petitioner did not file a direct appeal in the SCAWV, and his habeas corpus petition, which presumably raises the same grounds for relief stated above, is still pending in the Circuit Court. Thus he has not exhausted the available state court remedies concerning those claims. Accordingly, the undersigned proposes that the

presiding District Judge **FIND** that the petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice, for failure to exhaust his state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to the Attorney General.

 May 30, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge